IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIS SHUFFIELD<br><br>    Petitioner,<br><br>VS.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Institutional Division,<br><br>    Respondent | No. 6:08-cv-180<br><br><br><br>DEATH PENALTY CASE |

## OPPOSED MOTION TO STAY FEDERAL PROCEEDINGS

COMES NOW the Petitioner in the above captioned cause, by and through undersigned counsel, and respectfully moves this Court to stay the federal habeas corpus action pending the filing and resolution of his state habeas application.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), Mr. Shuffield is entitled to a stay because he can demonstrate good cause for his failure to previously exhaust a newly discovered claim of prosecutorial misconduct, his unexhausted claim is potentially meritorious, and he has not engaged in intentionally dilatory litigation tactics. Furthermore, he has placed reasonable time limits upon his request for a stay.

The basis for this motion is as follows:

## I. PROCEDURAL HISTORY

On January 31, 2003 the Petitioner was convicted of the offense of capital murder for the intentional killing of Lance Walker during the course of a robbery.

On February 4, 2003 the jury answered "Yes" to Special Issue No. 1 and "No" to Special Issue No. 2 and the Court imposed a sentence of death on the Petitioner.

The Petitioner appealed his sentence and conviction to the Court of Criminal Appeals, and on April 27, 2005 the Court of Criminal Appeals issued an unpublished opinion remanding the Petitioner's case to the trial court for a hearing on the Petitioner's claim of juror discrimination pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). *Shuffield v. State,* No. AP-74,574, 2005 WL 1009562 (Tex. Crim. App. 2005) (unpublished).

On June 17, 2005 the trial court held a hearing on the Petitioner's *Batson* claim pursuant to the remand by the Court of Criminal Appeals and issued findings denying the Petitioner's *Batson* claim.

On February 15, 2006 the Court of Criminal Appeals issued a second opinion affirming both the Petitioner's conviction and sentence and the trial court's denial of the Petitioner's *Batson* claim. *Shuffield v. State,* 189 S.W.3d 782 (Tex. Crim. App. 2006), *cert. denied, Shuffield v. Texas*, 549 U.S. 1056 (2006).

On November 24, 2004 counsel for the Petitioner filed an Application for Writ for Writ of Habeas Corpus in the 102nd Judicial District Court of Bowie County, Texas setting forth three claims for relief: (1) Factual insufficiency of the verdict on future dangerousness; (2) Denial of defense counsel's motion to allow a plea for mercy; and (3) Denial of motion to declare § 37.0 V.A.A.C.P. unconstitutional. *Ex Parte Chris Wayne Shuffield*, No. 01-F-0387-102-A.

On February 13, 2008 the District Court entered Findings of Fact and Conclusions of Law and Order denying the Petitioner's claims for relief and on April 30, 2008 the Texas Court of Criminal Appeals issued an Order denying the Petitioner's claims for relief. *Ex Parte Chris Wayne Shuffield*, No. WR-69,454-01 (Tex. Crim. App. April 20, 2008)(unpublished).

On May 9, 2008 this Court issued and Order appointing Jeff Lynn Haas as federal counsel for the Petitioner, D.C. Doc. No. 2. Mr. Haas was subsequently replaced by Thomas Jefferson Baynham, Jr. D.C. Doc. No. 5.

On April 29, 2009 Mr. Baynham filed a Petition for Habeas Corpus in this Court setting forth thirty (30) claims for relief. D.C. Doc. No. 11

On June 10, 2009 the Petitioner filed a Motion to Substitute Attorney, D.C. Doc. No. 14, and on July 23, 2009 this Court issued an Order granting the Petitioner's Motion

to Substitute Attorney and appointing undersigned counsel to represent the Petitioner. D.C. Doc. No. 19.

### II. THIS COURT SHOULD STAY PETITIONER'S FEDERAL HABEAS ACTION UNTIL THE FILING AND RESOLUTION OF A FORTHCOMING STATE HABEAS APPLICATION

In *Rhines v. Weber*, *supra*, the Supreme Court affirmed the authority of district courts to stay, rather than dismiss, habeas petitions containing both exhausted and unexhausted claims after the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA" or "the Act"). Prior to the Act, district courts typically dismissed such "mixed" petitions and allowed petitioners to refile once they could comply with the total exhaustion requirement imposed by *Rose v. Lundy*, 455 U.S. 509 (1982). However, the AEDPA imposed a strict one-year statute of limitations on federal habeas petitions where previously there had been none, leaving little time for petitioners to complete the state court exhaustion process before filing their federal petition. *See Rhines*, 544 U.S. at 274. "As a result of the interplay between AEDPA's one-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

In an attempt to solve this problem, the *Rhines* Court endorsed a "stay and abey" procedure which allows the district court to hold the habeas action in abeyance while the

petitioner presents his previously unexhausted claims to state court. *Id.* Once the petitioner's state remedies have been exhausted, the district court lifts the stay and federal habeas action resumes. *Id.* at 276. This preserves the inherent and long-standing authority of district courts to issue stays while at the same time complying with the purposes of the AEDPA. *Id.* at 276 *citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

In deciding whether a stay is warranted under *Rhines*, district courts should consider whether a petitioner has shown good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether he has engaged in any intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. Where the petitioner has shown good cause, potentially meritorious claims, and has not intentionally delayed pursuing relief, the Supreme Court indicated it likely would be an abuse of discretion for a district court to deny a stay. *Id.*

### A. Mr. Shuffield's Reasonable Uncertainty about the Applicable Federal Statute of Limitations is Good Cause for his Failure to Exhaust

The Court in *Rhines* did not define "good cause" for failure to exhaust. *See id.* The Court's only subsequent mention of what might constitute "good cause" came in *Pace v. DiGuglielmo* where the Court noted that a petitioner's reasonable confusion about whether a state filing would be timely (so as to toll the federal statute of limitations) would merit the granting of a stay. 544 U.S. 408, 416, 125 S. Ct. 1807, 161 L. Ed. 2d 669

(2005). The Fifth Circuit has only addressed *Rhines* in a small number of published opinions, none of which provide the Circuit's definition of "good cause." *See e.g. Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (noting that petitioner failed to state his cause for failing to exhaust); *Haynes v. Quarterman*, 526 F.3d 189, 196 (5th Cir. 2008) (assuming good cause without discussing definition). Mr. Shuffield is aware of no other circuit authority which sets forth a test for determining what constitutes "good cause" within the meaning of *Rhines*.

However, numerous district courts around the country have found that where the petitioner's unexhausted claims are based on newly discovered evidence -- particularly where that evidence should have been disclosed by the state under *Brady v. Maryland*, 373 U.S. 83 (1963) -- good cause exists for not exhausting earlier. *See e.g. United States. ex rel. Strong v. Hulick,* 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008) (finding good cause for failure to exhaust because claim was based on newly discovered evidence); *Ortiz v. Barkley*, 489 F. Supp. 2d 369, 371 (S.D.N.Y 2007) (finding good cause for failure to exhaust because claim was based on information that was recently obtained by petitioner); *Hollman v. Horn*, 2007 WL 437841 (E.D. Pa. 2007) (finding good cause for failure to exhaust *Brady* claim based on new information); *Leonardos v. Buddress*, WL 1174825 (N.D. Cal. 2007) (finding good cause where *Brady* claim was based on facts suppressed by prosecution).

On May 12, 2010 the Bowie County Tribune published an article which contained information that Josh Barlow, an individual who was incarcerated with the Petitioner at the Bistate detention center during the period of the Petitioner's trial, had contact with a member of the prosecution team on the Petitioner's case. As a result of the prosecution's request that Mr. Barlow assist them in the Petitioner's case, Mr. Barlow planted a "shank" in the Petitioner's cell and notified the prosecution that he had done so.

Immediately after telling the prosecution about his actions in planting the shank, Mr. Shuffield's cell was searched, the shank was discovered and this evidence was used by the prosecution in the punishment phase of the Petitioner's trial. *See* 21 RR 91 *et. seq.* Because Mr. Shuffield had little criminal history, this shank incident was highly prejudicial and a material cause for the jury's imposition of the death sentence in Mr. Shuffield's case.

Attached hereto as Exhibit A and by this reference made a part hereof is an affidavit executed by Mr. Barlow detailing his actions and contact with the prosecution team. None of the information pertaining to this event was disclosed or could have been discovered at the time of trial by the Petitioner's defense team. Also, the State's information about a shank being in Petitioner's cell came from a "confidential informant," which lends further credence to the Petitioner's claim. *See* 21 RR 3.

At trial, Petitioner filed a motion to disclose the identity of the person who told the jail warden that there was a shank in the cell. *Id*. The State of Texas opposed disclosure of the informant's identity and the information was never disclosed to the defense. *Id*. Not until Mr. Barlow recently stepped forward did Petitioner or his counsel have access to this information. Given that Mr. Shuffield's unexhausted claim is based on newly discovered evidence, including illegally suppressed *Brady* material, he has demonstrated good cause for not exhausting this claim at an earlier time.

> B. **Mr. Shuffield's Unexhausted Claim is Potentially Meritorious**

The broad guidance provided by the Supreme Court in *Rhines* did not include a standard for determining whether a petitioner's claims are "potentially meritorious." *See Rhines*, 544 U.S. at 416. The Fifth Circuit has found that unexhausted claims are not potentially meritorious when they are procedurally defaulted under state laws regarding successive petitions and do not fall into one of the statutory exceptions. *Neville*, 423 F.3d at 480 (5th Cir. 2005).

Texas law provides three distinct exceptions to the general rule against successive petitions: 1) when the factual or legal basis for the new claims or issues was not available at the time of the original petition; 2) when the applicant can show by a preponderance of the evidence that no rational juror would have found the applicant guilty but for the violation of the constitution; or 3) when the applicant can show by clear and convincing

evidence that no rational juror would have answered affirmatively any of the special issues submitted in capital cases. Tex. Crim. Proc. Code Ann. art. 11.071 § 5(a)(1)-(3).

Mr. Shuffield's unexhausted claim falls under the first exception to the rule against successive petitions. As discussed above, the factual basis for this claim was not discovered until 2010, during federal habeas counsel's investigation. The discovery of all such evidence was intentionally withheld by the prosecution and none of the evidence was available at the time of the original petition. This claim is therefore not procedurally defaulted under Texas law and may be considered on its merits by state courts. Texas Crim. Pro. Ann. art. 11.071 §5(a)(1).

Furthermore, Mr. Shuffield's claims is potentially meritorious because there is a reasonable probability that the outcome of Mr. Shuffield's trial would have been different had the subject evidence been disclosed. *See United States v. Bagley*, 473 U.S. 667 (1985) (holding that evidence is material under *Brady* if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different); *United States v. Sipe*, 388 F.3d 471, 478 (5th Cir. 2004) (holding that when there are multiple *Brady* violations, the court must analyze the cumulative effect of the suppressed evidence).

Mr. Shuffield has obtained a sworn statement from Mr. Barlow in which he admits he planted the shank in Mr. Shuffield's cell and communicated this information to one of

the prosecutors trying the case. Exhibit A. Additionally, Mr. Shuffield has corroborated the fact that Mr. Barlow was communicating with one of Mr. Shuffield's prosecutors from the jail in April of 2002, *i.e.* at the time a shank was found in the Petitioner's cell. Attached here as Exhibit B and by this reference made a part hereof is an affidavit of Kandice Smith, Mr. Barlow's sister, who corroborates the phone contact between Mr. barlow and the prosecution during the period of Mr. Shuffield's trial.

### C. Mr. Shuffield Has Not Engaged In Dilatory Litigation Practices

The third *Rhines* factor is whether the petitioner has engaged in intentionally dilatory litigation practices. *Rhines*, 544 U.S. at 279. This, in the view of at least three justices in *Rhines*, is perhaps the most important consideration. In his concurring opinion, Justice Souter states that instead of conditioning the availability of a stay upon good cause, he would "wait for the alarm to sound when there is some indication that the a petitioner is gaming the system." *Rhines*, 544 U.S. at 279 (Souter, J., Ginsburg, J., Breyer, J., concurring in part and concurring in the judgment).

Mr. Shuffield has not engaged in intentionally dilatory litigation. As soon as counsel learned that Mr. Barlow had come forward, counsel began investigating the issue. After a preliminary review counsel determined that the claim was probably meritorious and continued to develop the facts of the claim. Having expeditiously obtained the attached evidence, counsel now promptly presents this request for a stay so that he may

exhaust his state court remedies.  Thus, counsel has been diligent since first learning of Mr. Barlow's admissions just a few months ago. Under these circumstances, it is clear that Mr. Shuffield has not intentionally delayed pursuing the relief on this unexhausted claim.  Indeed, he seeks the opportunity to have the State court decide the claim in the first instance through this Court's issuance of a stay.

**D.      The Stay Mr. Shuffield Seeks Has Reasonable Time Limits**

Even when a stay is appropriate under *Rhines*, district courts are advised to "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278 *citing with approval Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001) (requiring petitioner to return to federal court 30 days after exhaustion is complete).

Mr. Shuffield does not seek to stay his case indefinitely.  Mr. Shuffield plans on filing a state application within sixty (60) days of this Court's grant of a stay.  Within thirty (30) days of the state court's decision on that application, Mr. Shuffield will file a Notice of Decision with this Court indicating whether he has been granted relief or whether he will be returning to federal court.

### III.  CONCLUSION

For the foregoing reasons, counsel respectfully concludes and requests that this Court grant the Petitioner's Motion to stay the federal action pending the conclusion of state exhaustion proceedings.

Respectfully submitted, this 10th day of August, 2010.

/s/ _____
Donald Vernay
1604 Golf Course Road SE
Rio Rancho, NM 87124
(505) 892-2766
(505) 892-8119 (fax)
State Bar of Texas #24035581
minimal243@yahoo.com

/s/ _____
Carlo D'Angelo
705B North Pacific St.
Mineola, TX 75773
(903) 638-0160
(903) 638-0161 (fax)
State Bar of Texas #24052664
carlo@dangelolegal.com

COUNSEL FOR CHRIS SHUFFIELD

## CERTIFICATE OF SERVICE

I, Don Vernay, counsel for the Petitioner, do hereby certify that on August 10, 2010 a copy of this document was served electronically and/or by first class mail upon the following:

Laura Turbin
laura.turbin@oag.state.tx.us

Chris Shuffield #999439
Polunsky Unit
3872 Fm. 350 South
Livingston, TX 77351

SHUFFIELD v. QUARTERMAN
No. 6:08cv180
OPPOSED MOTION TO STAY FEDERAL PROCEEDINGS
Page 12

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and CV-7(I), on August 6, 2010 Mr. Vernay contacted Laura Turbin, counsel for the Respondent, by e-mail regarding this motion and on August 9, 2010 Mr. Vernay spoke with Ms. Turbin and she informed counsel that the Respondent will oppose this motion.

/s/
Don Vernay
1604 Golf Course Road SE
Rio Rancho, NM 87124
(505) 892-2766
(505) 892-8119 (fax)
State Bar of Texas #24035581
minimal243@yahoo.com

Counsel for Chris Shuffield